**Dated: January 13, 2023**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JERRY WAYNE NOLES, | ) | Case No. 22-11808-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ――――――――――――――― | ) | |
| | ) | |
| MYERS OPERATIONS, INC., AND | ) | |
| 2016 MOBILE WATER SYSTEMS 1, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. 22-01058-SAH |
| | ) | |
| JERRY WAYNE NOLES, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO DISMISS WITH BRIEF IN SUPPORT
### AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 9] AND
### <u>DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT</u>

Before the Court are: (i) Motion to Dismiss with Notice of Opportunity for Hearing

[Doc. 9] (the "Motion"), filed by defendant Jerry Wayne Noles ("Defendant") on December 9,

2022; and (ii) Plaintiff's [sic.] Response and Objection to Defendant's Motion to Dismiss

[Doc. 9] and Brief in Support [Doc. 10] (the "Response"), filed by plaintiffs Myers Operations, Inc. and 2016 Mobile Water Systems I, LLC (collectively, "Plaintiffs") on December 21, 2022. In the Motion, Defendant seeks dismissal of Plaintiffs' First Amended Complaint to Determine Dischargeablity of Debt [Doc. 4], filed on November 9, 2022 (the "Complaint").

## Jurisdiction

The Court has jurisdiction to hear the Motion pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## STANDARDS GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS

A plaintiff bears the burden of framing a complaint with enough factual matter to suggest he is entitled to relief. Fed. R. Civ. P. 8 (made applicable by Fed. R. Bankr. P. 7008); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). But Rule 8 does not impose an onerous pleading standard. In fact, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The philosophy of Rule 8(a)(2) is reinforced by Rule 8(d), which permits alternative statements and inconsistent claims and defenses, and Rule 8(e), which requires pleadings to be construed so as to do justice. Consequently, federal courts have repeatedly emphasized pleadings are to be construed liberally in accordance with the justice mandate in Rule 8(e) and the general spirit of the Federal Rules. Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1215 (3d ed.).

A strong presumption exists against the dismissal of claims under Rule 12(b)(6). Cottrell, Ltd. v. Biotrol Int'l Inc., 191 F.3d 1248, 1251 (10th Cir. 1999). Thus, "[d]ismissal of a complaint is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.  The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." State of Colorado v. Wine (In re Wine), 558 B.R. 438, 441 (Bankr. D. Colo. 2016).

To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure (made applicable by Fed. R. Bankr. P. 7012), "a plaintiff must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'" Barenburg v. Burton (In re Burton), 2010 WL 3422584, at *2 (10th Cir. Aug. 31, 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard requires factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation.  Twombly, 550 U.S. at 555.  See also, Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).  ***Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard.***  Twombly, 550 U.S. at 555. The Tenth Circuit has instructed "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and whether a defendant receives fair notice "depends on the type of case." Robbins, 519 F.3d at 1248.

## APPLICABLE BANKRUPTCY CODE SECTIONS AND RULES

The claims raised in the Complaint are made pursuant to the following provisions of 11 U.S.C. § 523(a)(2), (4) and (6).[1]  Section 523(a)(2)(A), (4) and (6) provide:

---

[1]Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

. . .

(2)     for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A)     false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

. . .

(4)     for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

. . .

(6)     for willful and malicious injury by the debtor to another entity or to the property of another entity;

## STATEMENT OF FACTS FROM COMPLAINT

The Court must accept the "well-pleaded allegations of the [Complaint] as true and view them in the light most favorable" to Plaintiff. Albers v. Bd. of Cnty. Comm'rs, 771 F.3d 697, 700 (10th Cir. 2014). The difficulty with the Complaint is its absence of **_relevant, nonconclusory_**[2] facts in the body of the Complaint itself. Specifically, the only facts which the Court must take as true are as follows:

---

[2]The Court takes as true all well-pled, as opposed to conclusory, allegations of the Complaint. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007) (citing Twombly, 550 U.S. at 570)). Additionally, the Court ignores all new fact allegations contained in the Motion and the Response as the Court can accept only the fact allegations of the Complaint (**_and counsel should be well aware of this legal limitation_**). Earles v. Cleveland, 418 F.Supp.3d 879 (W.D. Okla. 2019) (court disregarded allegations raised for first time in response to a motion to dismiss); Salopek, Trustee for Salopek Family Heritage Trust v. Zurich American Life Ins. Co., 428 F.Supp.3d 609, 617 (D. N.M. 2019); In re Qwest Commc'ns Int'l Inc., 396 F.Supp.2d 1178, 1202 (D. Colo. 2004). However, given the brevity of the Complaint, even that establishes few relevant facts underlying Plaintiffs' Section 523(a)(2), (4), and (6) claims.

1.    Plaintiffs are duly organized under the law of the State of Texas and maintain their principal office address c/o Robert W. Myers, 1612 Redwood Dr., Corinth, TX 76210.

2.    Defendant is an individual, a resident of the State of Oklahoma, and is the Debtor in the above-captioned bankruptcy proceeding.

3.    Defendant filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Oklahoma on August 15, 2022.  The first meeting of creditors was conducted on October 4, 2022.

4.    Plaintiffs are creditors of Defendant pursuant to a judgment entered in the 467th District Court in and for Denton County, Texas in Case No. 17-7027-393 (the "State Court Action") on January 24, 2022 (the "Judgment").

5.    The Judgment is a final judgment according to the laws of the State of Texas, and Defendant's right to seek appellate review has expired.

6.    The Judgment entered in the State Court Action represents a judgment for fraud, conversion/statutory theft, negligent misrepresentation and common law fraud by Defendant against Plaintiffs. A copy of the Judgment is attached to the Complaint as Exhibit 1.

7.    The Judgment was entered based upon an Order Entering Findings of Fact and Conclusions of Law (the "Order") and was signed by the trial judge and filed in the district court on October 19, 2021, at the conclusion of the non-jury trial. A copy of the Order is attached to the Complaint as Exhibit 2.

8.    The Order recites the findings of fact and conclusions of law supporting the Judgment for fraud.

9.     The Order supports the Judgment for actual damages as follows:

(a)     Defendant committed fraud;

(b)     Defendant's fraud caused harm to Plaintiffs;

(c)     Consistent with these findings, the trial court awarded actual damages for fraud to Plaintiffs as follows:

1.     To [Plaintiffs], jointly, the sum of Twenty-Six Million, One Hundred Sixty Thousand, Three Hundred One and No/100 ($26,160,301.00), together with prejudgment interest in the sum of One Million, Four Hundred Fifty-Eight Thousand, Five Hundred Ninety-Nine and 50/100 Dollars ($1,458,599.50).

10.     The Order supports the Judgment for exemplary damages as follows:

(a)     Defendant committed fraud or defalcation while acting in a fiduciary capacity;

(b)     Defendant's fraud or defalcation while acting in a fiduciary capacity caused harm to Plaintiffs;

( c )     Defendant acted willfully and maliciously towards Plaintiffs and/or to the property of Plaintiffs;

(d)     Defendant's willful and malicious actions caused harm to Plaintiffs;

(e)     Consistent with these findings, the trial court awarded exemplary damages to Plaintiffs as follows:

1.     To Plaintiff MYERS, the sum of Twelve Million, Eight Hundred Thousand and No/100 Dollars ($12,800,000.00).

2.     To Plaintiff MWS1, the sum of Thirteen Million, Four Hundred Thousand and No/100 Dollars ($13,400,000.00).

No further fact allegations are set forth in the Complaint, with Plaintiffs instead relying on the

31 page, single-spaced Order attached as an exhibit to the Complaint for the necessary fact

allegations underlying their claims.  And, based on these unpled facts set forth in the attached

6

Order,[3] Plaintiffs seek to except the Judgment debt from discharge pursuant to Section 523(a)(2), (4), and (6).

Not surprisingly, Defendant argues the Complaint "pleads very few actual facts" and "mostly refers to the findings in" the Judgment and Order. Motion, p. 2. The Court agrees and, as a result, finds the Complaint deficient.

## ANALYSIS AND CONCLUSIONS

In a complaint, a plaintiff is not required, nor expected, to state specific facts proving each element of its claims so long as fair notice of the claims, and the grounds upon which they rest, are set forth. Higginbottom v. Mid-Del School District, 2016 WL 951691, at *1 n.1 (W.D. Okla. 2016); Harris v. Chevron U.S.A., Inc., 2015 WL 3746989, at *1 (W.D. Okla. 2015). "Granting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" Higginbottom, 2016 WL 951691, *2 (quoting Dias v. City & Cnty. of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation marks omitted))). While the Court does not take this standard lightly, it also does not take lightly Plaintiffs' obligation to plead plausible claims based on fact allegations set forth in the Complaint itself.

## I.    THE BODY OF THE COMPLAINT DOES NOT CONTAIN SUFFICIENT FACT ALLEGATIONS TO STATE A PLAUSIBLE CLAIM.

A complaint must allege facts which allow the court to believe the plaintiff has a reasonable likelihood of mustering factual support for the stated claims. Higginbottom, 2016

---

[3]Additionally, Plaintiffs make no effort to identify which of the voluminous facts in the Order support each of the separate claims under Section 523(a)(2), (4), and (6).

WL 951691 at *2 (quoting <u>Ridge at Red Hawk</u>, 493 F.3d at 1177).  To determine whether

Plaintiffs have met their burden, the Court may consider exhibits attached to the Complaint:

> "In evaluating a motion to dismiss, [the court] may consider not only the
> complaint, but also the attached exhibits and documents incorporated into
> the complaint by reference."  Thus, in determining whether the Complaint states a
> plausible claim for relief, the Court considers not only allegations made in the
> body of the Complaint, but also the exhibits incorporated into the Complaint by
> reference.

<u>First Pryority Bank v. Woods</u> (<u>In re Woods</u>), No. 21-10075-R, 2021 WL 4237309, at *2 (Bankr.

N.D. Okla. Sept. 16, 2021) (first citing <u>Commonwealth Prop. Advocates, LLC v. Mortg. Elec.

Registration Sys., Inc.</u>, 680 F.3d 1194, 1201 (10th Cir. 2011); and then citing Fed. R. Civ. P. 10(c)

(made applicable to this proceeding by Fed. R. Bankr. P. 7010) ("A copy of a written instrument

that is an exhibit to a pleading is a part of the pleading for all purposes")).

The problem with Plaintiffs' Complaint is its complete failure to set forth any fact

allegation therein on which a plausible claim under Section 523(a)(2), (4), or (6) can be based

and is, therefore, deficient under Rules 8 and 10, Fed. R. Civ. P.  The only fact allegations

contained in the Complaint itself are allegations regarding the contents of the State Court Action

and entry of the Judgment and Order therein.  The Complaint is, otherwise, devoid of any fact

allegations concerning Defendant's conduct on which plausible claims under Section 523(a)(2),

(4), and (6) could be based.

> Although extraneous exhibits may be considered part of the complaint, and their
> contents save an otherwise deficient complaint from dismissal, the information
> they contain is not part of the complaint's well pleaded allegations of fact and that
> information is not part of the facts deemed to have been admitted by a defendant's
> default. <u>Hoover Equipment Co. v. Smith</u>, 198 Kan. 127, 422 P.2d 914, 918–19
> (1967) (citing <u>Caterpillar Tractor Co. v. International Harvester Co.</u>, 106 F.2d 769
> (9th Cir. 1939)). The only allegations a defendant must admit or deny are those
> contained in the body of the complaint itself. <u>United States v. Erie Cnty., NY</u>,

724 F. Supp. 2d 357, 367 (W.D. N.Y. 2010) ("a defendant is not required to admit or deny the content of an exhibit"); Fed. R. Civ. P. Rule 8(b)(1)(B), (2).

State of Indiana v. Jewell (In re Jewell), 554 B.R. 169, 172–73 (Bankr. N.D. Ind. 2016).  See also Allen v. Wal-Mart Stores, Inc., 2020 WL 3000957, at *3 (D. Colo. 2020) (court found no indication why the allegations contained in exhibit to the complaint could not be formally added to an amended complaint).  While Rule 10(c) expressly provides a written instrument attached as an exhibit to a pleading is part of the pleading for all purposes, "Rule 10(c) is not a license for parties to plead their case by exhibit."  Tedrow v. Frankin TWP. Cmty. Sch. Corp., No. 1:21-CV-453-RLM-MG, 2022 WL 2317436, at *3 (S.D. Ind. June 28, 2022) (citing Mart v. Forest River, Inc., 2011 WL 924289, at *3 (N.D. Ind. Mar. 14, 2011)).  Additionally, Rule 8(d), Fed. R. Civ. P., requires every allegation in a complaint to "be simple, concise, and direct," and Rule 10(b), requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Rule 10(b) further states, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b).

Certainly, the Order, an exhibit to the Complaint, contains a multitude of fact findings on which Plaintiffs' Section 523(a)(2), (4), and (6) claims could be based.  The Order contains 145 findings of fact of which 64 specifically address five substantive claims in the State Court Action,[4] only one of which is based explicitly on fraud and the only one clearly falling within the context of a Section 523 claim.  However, the findings of fact relevant to each of Plaintiffs'

---

[4]The substantive claims addressed in the Order are based on: breach of contract; unjust enrichment; negligent misrepresentation; fraud; and the Texas Deceptive Trade Practices and Consumer Protection Act.

Section 523 claims are not identified by Plaintiffs, much less set forth in the body of the Complaint.  As a consequence, Defendant is unable to admit or deny such allegations or otherwise frame his defenses.  United States v. Erie Cnty., NY, 724 F. Supp. 2d 357, 367 (W.D. N.Y. 2010) (citing Fed. R. Civ. P. Rule 8(b)) ("[A] defendant is not required to admit or deny the content of an exhibit, as it must the pleading to which the exhibit is attached."); Woods, 2021 WL 4237309, at * 4.

This Court will not condone or encourage the practice of incorporating by reference an instrument attached to a complaint in lieu of separately making fact allegations in the body of the complaint itself as such a practice lacks clarity and places the burden of "pleading" effectively on the defendant and the Court.  Air High Equip. Rental, Inc. v. Lundholm (In re Lundholm), 2003 WL 1960361, at *1 (Bankr. D. Colo. 2003).  The Court will only rely on "the essential facts within the body of the complaint itself, and thus [ensure] fair notice to [d]efendants of the claims against them."  Marshall v. Dix, Civil Action No. 21-cv-01971-NYW-STV, 2022 WL 16924019, at *11 (D. Colo. November 14, 2022).  To do otherwise would likely leave the Court with an incomplete impression of the case – since Defendant only has an obligation to respond to the allegations set forth in the body of the Complaint, the bulk of Plaintiffs' facts supporting their Section 523(a)(2), (4), and (6) claims would go neither admitted nor denied until summary judgment or trial, a wholly unsatisfactory result for pretrial planning and trial setting purposes.

However, rather than dismiss the Complaint, the Court orders Plaintiffs to file an amended Complaint within 14 days of entry of this Order in order to clarify its claims and provide a more definite statement of the fact allegations supporting the elements of its Section

523(a)(2), (4), and (6) claims *in the body of the amended Complaint* so Defendant may

reasonably prepare an answer thereto.  See Woods, 2021 WL 4237309, at *4.

## II.   SUPPORTING MATERIALS MUST BE SUPPLIED TO THE COURT WHEN REQUESTING IT TAKE JUDICIAL NOTICE.

The Court is compelled to address both Plaintiffs' and Defendant's requests for this Court

to take judicial notice.  A court "must take judicial notice if a party requests it *and the court is*

*supplied with the necessary information*."  Fed. R. Evid. 201(c) (emphasis added); Harjo v. City

of Albuquerque, 307 F. Supp. 3d 1163, 1185 (D. N.M.), modified on reconsideration, 326 F.

Supp. 3d 1145 (D. N.M. 2018); Hastey on behalf of YRC Worldwide, Inc. v. Welch, 449 F.

Supp. 3d 1053, 1059 (D. Kan. 2020).[5]  Judicial notice can be taken at any stage of a case.

---

[5]"'On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the court by the party seeking to have them considered.'" Am. Glue & Resin, Inc. v. Air Prod. & Chemicals, Inc., 835 F. Supp. 36, 40–41 (D. Mass. 1993) (first citing Diceon Electronics, Inc. v. Calvary Partners, L.P., 772 F.Supp. 859, 861 (D. Del.1991); then citing Concordia v. Bendekovic, 693 F.2d 1073, 1076 (11th Cir.1982) (court will not take judicial notice of records in another case unless prior proceedings are introduced into evidence); and then citing Fed. R. Evid. 201(b) & (d)).  As a general rule, courts will not take judicial notice of records in another court even between the same parties unless the prior proceedings are supplied to the court.  Concordia, 693 F.2d at 1076–77 (first citing Guam Investment Co. v. Cent. Bldg, Inc., 288 F.2d 19 (9th Cir. 1961); then citing Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 510 n. 38 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978); then citing Sardo v. McGrath, 196 F.2d 20, 22–23 (1952) (legal memoranda of points and authorities are not mentioned in Rule 56 and cannot "be classed inferentially among the documents in which extra-pleading matters may be presented for purposes of summary judgment"); and then citing Ellis v. Cates, 178 F.2d 791, 793 (4th Cir. 1949), cert. denied, 339 U.S. 964 (1950) (court should not hesitate to look at its own records to see what they disclose)). Courts may decline to take judicial notice of other court proceedings where the party requesting judicial notice fails to provide copies of the documentation or otherwise identify with particularity the matters on the docket of which judicial notice is to be taken.  Figueroa v. Cnty. of Los Angeles, No. CV116228DMGFFMX, 2018 WL 11356416, at *1 n.2 (C.D. Cal. July 23, 2018).

11

Fed. R. Evid. 201(d); Rauso v. Fein, No. CV 13-0693, 2022 WL 17833271, at *2 n.3 (E.D. Pa. Dec. 21, 2022).

When ruling on a motion to dismiss, a court may consider facts subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. Johnson v. Spencer, 950 F.3d 680, 705 (10th Cir. 2020); Hastey, 449 F. Supp. 3d at 1059 (citing Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)). Generally, if a party requests that the court take judicial notice of certain facts, ***and supplies the necessary information to the court***, judicial notice is mandatory; however, by failing to supply the material to be judicially noticed in the context of a Rule 12(b)(6) motion to dismiss, the court will be left with only the allegations of the complaint. Genesee Cnty. Employees' Ret. Sys. v. Thornburg Mortg. Sec. Tr. 2006-3, 825 F. Supp. 2d 1082, 1207 (D. N.M. 2011).

The Court denies both Plaintiffs' and Defendant's requests for judicial notice, beyond the filing and pendency of the State Court Action and the entry of the Judgment and Order therein. Neither party supplied the Court with any other necessary information under Rule 201, Fed. R. Evid., to enable it to determine the accuracy of the factual averments of which they request the Court take judicial notice. Sylvia Landfield Tr. v. City of Los Angeles, No. CV 09-1798-VBF(RZX), 2009 WL 10700866, at *7 (C.D. Cal. May 22, 2009) (citing Am. Glue & Resin, 835 F. Supp. at 40–41 (denying request for judicial notice as party did not attach records for which party requested judicial notice)). It is not the Court's job to search through another court's record to confirm facts requested to be judicially noticed are, in fact, adequately supported. It is an obligation resting firmly on the parties.

Further, on a motion to dismiss under Rule 12(b)(6), "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." The Est. of Lockett ex rel. Lockett v. Fallin, 841 F.3d 1098, 1111 (10th Cir. 2016) (citing Lee v. City of L.A., 250 F.3d 668, 690 (9th Cir. 2001)); Johnson, 950 F.3d at 705. Courts are restricted "against taking judicial notice of court records for the truth of the matters they assert." Johnson, 950 F.3d at 706 (citing Est. of Lockett, 841 F.3d at 1111); A Brighter Day, Inc. v. Barnes, 860 F. App'x 569, 572 n.3 (10th Cir. 2021). Thus, when taking judicial notice of matters in another court in ruling on a motion to dismiss, this Court cannot accept prior judicial findings as fact. A Brighter Day, 860 F. App'x at 572 n.3 (10th Cir. 2021) (citing United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)); Trustees of Gen. Assembly of Lord Jesus Christ of Apostolic Faith, Inc. v. Patterson, No. CV 21-634-KSM, 2022 WL 16944000, at *2 (E.D. Pa. Nov. 14, 2022) (citing M&M Stone Co. v. Pennsylvania, 388 F. App'x 156, 162 (3d Cir. 2010)).[6]

Therefore, other than the existence of the State Court Action and entry of the Judgment and Order therein, the remaining matters which Plaintiffs and Defendant seek this Court to take judicial notice are not adequately supported and/or are not appropriate at this time, and judicial notice will not be taken.

---

[6] See Brody v. Hankin, 145 F. App'x 768, 772 (3d Cir. 2005) (citing Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir.1999)) ("'[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the matter asserted, but for the existence of the opinion.'"); Hause v. City of Sunbury, No. 1:17-CV-2234, 2019 WL 1493178, at *5 (M.D. Pa. Mar. 31, 2019) ("Even if the Court were to take judicial notice of the arbitration opinion and award, however, at the motion to dismiss stage the Court can only take judicial notice of its existence, and not the truth of the matter asserted in the opinion and award.").

13

## <u>CONCLUSION</u>

The Motion is DENIED.  However, within fourteen (14) days of the entry of this Order, Plaintiffs shall file an amended Complaint that sets forth, in separately numbered paragraphs, a concise set of factual allegations for each claim for which they seek relief.

IT IS SO ORDERED.

# # #